**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CITY OF ALBUQUERQUE,

Plaintiff/Petitioner,

v.

SEAN DUFFY, IN HIS OFFICIAL CAPACITY AS SECRETARY OF TRANSPORTATION; U.S. DEPARTMENT OF TRANSPORTATION; FEDERAL HIGHWAY ADMINISTRATION; AND SEAN MCMASTER, IN HIS OFFICIAL CAPACITY AS ADMINISTRATOR OF THE FEDERAL HIGHWAY ADMINISTRATION,

Defendants/Respondents.

Case No. 1:25-CV-01072-KG-KRS

**RESPONDENTS' RESPONSE TO PETITIONER'S "COMPLAINT"[1]**

Respondents hereby respond to the "Complaint for Declaratory and Injunctive Relief" filed by Petitioner on October 31, 2025, ECF No. 1, as follows:

Petitioner claims Congress enacted the Infrastructure Investment and Jobs Act ("IIJA"), which authorized the Secretary of Transportation to award grants for surface transportation infrastructure, and that Respondents awarded it a Rebuilding American Infrastructure with Sustainability and Equity ("RAISE") grant in the amount of $11,466,938.00 for its Albuquerque Rail Trail project. Doc. 1, ¶¶ 10 and 23. Petitioner asserts that Respondents subsequently withdrew the selection of the grant on September 9, 2025, and that the withdrawal exceeded

[1] Respondents mistakenly styled their filing as a motion to dismiss a "Complaint" pursuant to Fed. R. Civ. P. 12(b). *See* ECF No. 31. For the reasons outlined below and in *Olenhouse*, the motion should have been styled as a motion to dismiss the Petition for Review pursuant to Fed. R. App. P. 27.

Respondents' statutory authority, was contrary to law, violated several Constitutional provisions, constituted *ultra vires* action, and was arbitrary and capricious. *Id*. ¶¶ 45-106.

Petitioner brings its "Complaint" under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, and seeks declaratory and injunctive relief pursuant to 28 U.S.C. § 2201. All counts in the Complaint stem from the same agency action: the Department of Transportation's withdrawal of the selection of the RAISE grant. *See* Doc. 1. Neither the IIJA nor the administrative procedures implemented by the Department of Transportation provide a private right of action against Respondents. Additionally, "the Declaratory Judgment Act is not an independent source of federal jurisdiction." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). As a result, Petitioner's claims presented to Respondents are cognizable, if at all, only pursuant to the judicial review provisions of the APA, 5 U.S.C. §§ 701-706. *See, e.g., Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1221 (D.N.M. 2014) ("The APA describes the exclusive mechanism—unless another mechanism is specifically provided by statute—by which the federal district courts may review the actions of federal administrative agencies").

In *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994), the Tenth Circuit held that challenges to federal agency actions pursuant to the judicial review provisions of the APA are not subject to normal civil trial procedures:

> A district court is not exclusively a trial court. In addition to its *nisi prius* functions, it must sometimes act as an appellate court. Reviews of agency action in the district courts must be processed *as appeals*. In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure.

*Olenhouse*, 42 F.3d at 1580; *see also WildEarth Guardians v. U.S. Forest Serv.*, 668 F. Supp. 2d 1314, 1323 (D.N.M. 2009) ("Pursuant to *Olenhouse* . . . , claims under the APA are treated as appeals and governed by reference to the Federal Rules of Appellate Procedure."). APA cases do not require initial disclosures, involve other pre-trial procedures, or, for that matter, a trial, and typically do not involve discovery. *See, e.g.*, Fed. R. Civ. P. 26(a)(1)(B)(i).

In *Olenhouse*, the Tenth Circuit stated that part of "the illicit procedure [the district court] employed to determine the issues for review" was that the district court had "processed the [plaintiffs'] appeal as a separate and independent action, *initiated by a complaint* and subjected to discovery and a 'pretrial' motions practice." *Olenhouse*, 42 F.3d at 1579 (emphasis added); *see also N. New Mexicans Protecting Land Water & Rights v. United States*, No. CV 15-0559 JB/LF, 2015 WL 8329509, at *12 (D.N.M. Dec. 4, 2015) ("Furthermore, in *Olenhouse* . . . , the Tenth Circuit states that a district court's job in APA cases is not to determine which facts are disputed—like it does in the Complaint and Answer procedure, [but] is to act as an appellate court, and to determine whether the agency considered the relevant information or made an arbitrary and capricious decision." (citing *Olenhouse*, 42 F.3d at 1579)).

The law in the Tenth Circuit, as set forth explicitly in *Olenhouse*, is clear that a "Complaint" is an improper vehicle for initiating claims challenging a federal agency action in federal district court. Therefore, Petitioner's "Complaint" for initiating this litigation is appropriately treated as a "Petition for Review," to which no "Answer" is required under the Federal Rules of Civil Procedure, which are generally inapplicable. *See, e.g.*, *Forest Guardians v. U.S. Fish & Wildlife Serv.*, 611 F.3d 692, 702 n.12 (10th Cir. 2010) ("Even though this action was originally filed in the form of a complaint, the parties later agreed to proceed as if it properly

had been filed as a petition for review of agency action."); *San Diego Cattlemen's Coop. Ass'n v. Vilsack*, No. 1:14-cv-00818-RB/WPL, 2015 WL 12866452 (D.N.M. Apr. 20, 2015) (denying motion for an order requiring Federal Defendants to answer complaint in APA case); *Day v. Nat. Res. Conservation Serv.*, No. 1:15-CV-01044-JCH-KRS, 2018 WL 6047414, at *5 (D.N.M. Nov. 19, 2018) ("Because the Agency is correct that reviews of agency action must be treated as appeals, the Court will interpret Day's complaint as a 'Petition for Agency Review' and his Brief in Chief as being a memorandum in support of that petition.").

Respondents deny all allegations underlying Petitioner's claims. In accordance with *Olenhouse*, now that the Court has ruled on Respondents' motion to dismiss, Respondents will work with Petitioner to agree to a schedule for producing the Administrative Record for the agency's action and for briefing the merits of Petitioner's appeal from the agency's action. *See also, e.g.*, *WildEarth Guardians*, 668 F. Supp. 2d at 1323 (noting that the case was resolved on the merits based on briefing that "is consistent with the Federal Rules of Appellate Procedure" and the Court's scheduling order).

Dated: August 14, 2026.

Respectfully submitted,

TODD BLANCHE
Attorney General

RYAN ELLISON
First Assistant United States Attorney

By: /s/ *Matthew L. Yanez 8/14/2026*
MATTHEW L. YANEZ
Special Assistant United States Attorney
1200 New Jersey Ave SE
Washington, DC 20590
(771) 216-4991
Matthew.yanez@dot.gov

Of Counsel:

GREGORY ZERZAN
General Counsel

CHARLES E. ENLOE
Assistant General Counsel
For Litigation and Enforcement

United States Department of Transportation

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 14, 2026, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ *Matthew L. Yanez 8/14/2026*
Special Assistant United States Attorney
1200 New Jersey Ave SE
Washington, DC 20590